IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BRENDA LEE LOCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-034 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

**O R D E R**
_____

On July 7, 2014, United States District Judge Dudley H. Bowen, Jr., granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 19, 20.) Plaintiff now moves for $2,889.39 in attorney's fees and $18.93 in expenses under the Equal Access to Justice Act ("EAJA"). (Doc. no. 21.) In her response, the Acting Commissioner does not object to the award in the amount requested, but requests that it be paid to Plaintiff rather than to her counsel. (Doc. no. 22, p. 1.) The Acting Commissioner further explains that, if Plaintiff does not owe a debt to the federal government, the Acting Commissioner may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (Id. at 2.) In her reply, Plaintiff acknowledges the issues concerning direction of payment of the EAJA fees. (Doc. no. 23.)

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the

"plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to [the litigant] as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has recently been followed in this District. See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of [the] EAJA [award] and pay [the award] directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Marshall v. Astrue, 7:09-CV-33 HL, 2011 WL 2604768, at *5 (M.D. Ga. May 10, 2011) ("The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt."), *adopted by* 2011 WL 2604754 (M.D. Ga. June 30, 2011); Griffin v. Astrue, 1:10CV115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt."). The Court therefore **GRANTS** Plaintiff's motion as to the request for an award in the amount of $2,889.39 in

attorney's fees and $18.93 in expenses (doc. no. 21), but for the reasons discussed above, the Court will not direct the manner in which the EAJA award is to be paid.

SO ORDERED this 21st day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA